**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

22-cv-00016-CB

In re GEORGE C. SNYDER,
Debtor.

GEORGE C. SNYDER,
Appellant,

v.

RONDA J. WINNECOUR, TRUSTEE,
Appellee.

---

On Appeal from the Bankruptcy Court for the
Western District of Pennsylvania

---

RESPONSE OF RONDA J. WINNECOUR, CHAPTER 13 STANDING TRUSTEE, TO
APPELLANT'S BRIEF

---

Submitted by:

Owen W. Katz, PA I.D. 36473
Attorney for Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566, x3124
Email: okatz@chapter13trusteewdpa.com

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES ......................................................................................... iii

JURISDICTIONAL STATEMENT ............................................................................... 1

STATEMENT OF ISSUES PRESENTED ..................................................................... 1

    1.  Whether the Bankruptcy Court Order dismissing the bankruptcy case without prejudice was a final appealable Order? ........................................................................ 1

    2.  Whether the Bankruptcy Court abused its discretion in dismissing the bankruptcy case without prejudice as a result of the Debtor's failure to complete the filing in accordance with applicable bankruptcy rules using conforming documents? ...................................... 1

STATEMENT OF THE CASE ....................................................................................... 2

ARGUMENT .................................................................................................................. 5

    I.     THE BANKRUPTCY COURT ORDER DISMISSING THE BANKRUPTCY CASE WITHOUT PREJUDICE WAS NOT A FINAL APPEALABLE ORDER.............. 5

    II.    THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING THE BANKRUPTCY, WITHOUT PREJUDICE, FOR DEBTOR'S FAILURE TO COMPLETE THE PETITION WITH CONFORMING DOCUMENTS IN THE REQUISITE DEADLINE ......................................................................... 7

        A.  As a matter of fact and law, Mr. Snyder failed to complete the filing with conforming documents by the required deadline.................................................... 8

        B.  The dismissal was, as a matter of fact and law, consistent with the statute and rule-based framework of the Bankruptcy Code........................................................ 13

        C.  Dismissal was proper under the *Poulis* factors.................................................... 16

        D.  There was no error in failing to accommodate Mr. Snyder's disabilities ............ 19

CONCLUSION .............................................................................................................. 20

CERTIFICATE OF SERVICE ...................................................................................... 22

# TABLE OF AUTHORITIES

*Bullard v. Blue Hills Bank*, 135 S. Ct. 1686 (2015)............................................................. 5

*Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94 (3d Cir. 1988) ....................... 5

*Clay v. Wall*, 2019 U.S. Dist. LEXIS 1661 (D. R.I. January 4, 2019)................................. 19

*Coalition to Save Our Children v. Board of Educ.*, 90 F.3d 752 (3d Cir. 1996).................. 1-2

*DiFederico v. Rolm Co.*, 201 F.3d 200 (3d Cir. 2000) ....................................................... 1-2

*Ferrero, U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44 (3d Cir. 1991)............................. 2

*Green v. Prince George's Cty. Office of Child Support Enf't*, 2021 U.S. Dist. LEXIS 149992,
2021 WL 3511157 (D. Md. Aug. 10, 2021)........................................................................ 6-7

*Haines v. Kerner*, 404 U.S. 519 (1972).............................................................................. 11

*Harrell v. United States Tr. (In re Harrell),* 2021 Bankr. LEXIS 854 (B.A.P. 9th Cir. 2021)
................................................................................................................................................ 9

*Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988)................................................................... 16

*In re Allman*, 2018 Bankr. LEXIS 696 (Bankr. M.D. Tenn. Mar. 13, 2018)...................... n. 1

*In re Chapman*, 777 F. Supp. 2d 196 (D. Maine 2011) ..................................................... 19

*In re Ellis*, 388 B.R. 456 (Bankr. D. Mass. 2008) ............................................................. 19

*In re Energy Future Holdings Corp.*, 904 F.3d 298 (3d Cir. 2018).................................... 5

*In re Flanagan*, 999 F.2d 753 (3d Cir. 1993) .............................................................. 6, n. 6

*In re Greene*, 127 B.R. 805 (Bankr. N.D. Ohio 1991)....................................................... 14

*In re Meyers*, 491 F.3d 120 (3d Cir. 2007)........................................................................ 1

*In re Orrison*, 343 B.R. 906 (Bankr. N.D. Ind. 2006) ....................................................... 12

*In re Simpson*, 306 B.R. 793 (Bankr. D. S.C. 2003).......................................................... 8

*In re Taylor*, 913 F.2d 102 (3d Cir. 1990).......................................................................... 5

*In re Trieloff*, 2012 Bankr. LEXIS 3587 (Bankr. D. N.D. August 2, 2012)........................ 8

*Mala v. Crown Bay Marina, Inc.*, 704 F. 3d 239 (3d Cir. 2013)...........................................11

*Marathon Petroleum Corp. v. Sec'y of Finance*, 876 F.3d 481 (3d Cir. 2017) ...................1

*McNeil v. United States*, 508 U.S. 106 (1993)....................................................................11

*Melton v. Freeland*, 1997 U.S. Dist. LEXIS 3801 (M.D. N.C. Feb. 6, 1997).....................19

*Mon Valley Equip., Inc. v. Fayette Cty. Tax Claim Bureau*, 1988 Bankr. LEXIS 682 (Bankr. W.D. Pa. May 10, 1988)..........................................................................................9

*Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154 (3d Cir. 1999)........................................................................................................1

*Pal Family Tr. v. Ticor Title Ins.*, 490 B.R. 480 (S.D.N.Y. 2013) ......................................5, n. 6

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)..................................16-19

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020) ..................................5, n. 7

*Taylor v Phoenixville School District*, 184 F. 3d 296 (3d 1999)........................................20

*Tennant v. Rojas (In re Tennant)*, 318 B.R. 860 (B.A.P. 9th Cir. 2004) ...........................13-15, n. 13-14

*Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3d Cir. 2003) ..................................................16

*Weber v McGrogan*, 939 F.3d 232 (3d Cir. 2019)............................................................n. 5

*Wilcox v. Anderson (In re Wilcox)*, 2011 Bankr. LEXIS 5359 (B.A.P. 10th Cir. 2011) ......9

W.PA.LBR 1017-2..............................................................................................................13, n. 3

W.PA.LBR 3015-1..............................................................................................................9-10, n. 10

11 U.S.C. §102(1)(A)..........................................................................................................14

11 U.S.C. §102(B)(i)...........................................................................................................15

11 U.S.C. §105(a) ..............................................................................................................14, n. 14

11 U.S.C. §109(e) ..............................................................................................................18

11 U.S.C. §521(a)(1)..........................................................................................................8, 13

11 U.S.C. §1307(c)(9) ......................................................................... 13-14

28 U.S.C. §158(a) ................................................................................. 5

Federal Rule of Bankruptcy Procedure 1007 ................................... 8, 14

Federal Rule of Bankruptcy Procedure 3015 ................................... 9-10

Federal Rule of Bankruptcy Procedure 9009 ..................................... 9

## JURISDICTIONAL STATEMENT

Although the District Court has subject matter jurisdiction pursuant to 28 U.S.C. §158(a) of appeals of "final judgments, orders, and decrees," Trustee does not agree that the appealed from Order in this case was "final" for purposes of appeal.  Because of the materiality of the finality question, the Trustee separately addresses it as one of the issues presented.

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Bankruptcy Court Order dismissing the bankruptcy case without prejudice was a final appealable Order.

2.      Whether the Bankruptcy Court abused its discretion in dismissing the bankruptcy case without prejudice as a result of the Debtor's failure to complete the filing in accordance with applicable bankruptcy rules using conforming documents.

*Applicable Standard of Appellate Review*:

The question of jurisdiction is reviewed de novo. *Marathon Petroleum Corp. v. Sec'y of Finance*, 876 F.3d 481, 488 n.9 (3d Cir. 2017) ("We review de novo the District Court's determination of jurisdiction.")

Bankruptcy Court orders dismissing a case are reviewed under an abuse of discretion standard. *See, e.g.*, *In re Meyers*, 491 F.3d 120, 125-127 (3d Cir. 2007); *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154, 159 (3d Cir. 1999). An abuse of discretion exists where the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. *SGL Carbon Corp.*, 200 F.3d at 159. Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the factfinder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2)

1

bears no rational relationship to the supportive evidentiary data. *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citing *Coalition to Save Our Children v. Board of Educ.*, 90 F.3d 752, 759 (3d Cir. 1996)).  A court should not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Ferrero, U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 48 (3d Cir. 1991).

## STATEMENT OF THE CASE

Appellant George C. Snyder ("Snyder") filed a "bare bones" voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 8, 2021.[1] The deadline to file the balance of the documents required for a complete filing was November 23, 2021. See Bankr Doc. 1.

A Notice of Deficient Filing (hereinafter, the "Deficiency Notice") was filed and served on Mr. Snyder the following day, November 9, 2021. See Bankr Doc. 5 (Appendix, pp. 001-003).[2] The Deficiency Notice, in its first two pages, put Mr. Snyder on notice that the deficiency had to be corrected by November 23, 2021, and provided a comprehensive and detailed list of the documents needed to complete the filing (*along with the identification of the official and local form numbers where relevant*). Among other things, the Deficiency Notice indicated that Mr. Snyder still needed to file all of the Bankruptcy Schedules (including Schedule D), the Statement of Financial Affairs, the Declaration of Electronic Filing (Local Form 1), the Statement of Current Monthly Income and Disposable Income (Official Form B 122-C-1), the Chapter 13 Plan (Local

---

[1]  "Bare bones" is a term of art used to describe a bankruptcy filing to initiate a case with the barest of documentation — typically, just the first eight pages of the petition. See *In re Allman*, 2018 Bankr. LEXIS 696, at *2, n.3 (Bankr. M.D. Tenn. Mar. 13, 2018).

[2]  It appears that Mr. Snyder attached most of the relevant documents to his Amended Informal *Pro Se* Brief. In all probability, the appendix filed with this Brief is duplicative. Trustee includes it to the extent necessary or convenient.

2

Form 10), Copies of all Payment Advices or a Statement there are none; and a Mailing Matrix (which consisted of a list of the name and addresses of all creditors).

The Deficiency Notice, on its third page (Appendix, p. 003), advised Mr. Snyder that:

In accordance with the Amended General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings,[3] the United States Trustee is deemed to have filed a Motion to Dismiss the bankruptcy case based upon deficiencies in the documents required to be filed by the debtor pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules. This motion will be granted, and the case dismissed if the specified deficiencies on the attached are not corrected within 14 days, or within such further time as the court may allow by order.

The Deficiency Notice advised Mr. Snyder that he may file a "Request for a hearing on the Motion to Dismiss."

On November 22, 2021, Mr. Snyder filed, at Bankr Doc. 15, a Motion for Extension of Time to Correct Defective Filings in which he requested an extension, until December 7, 2021, to "lodge the corrected documents." Appendix pp. 011-014.  The Bankruptcy Court granted the Motion on November 23, 2021, at Bankr Doc 16, extending the time for Mr. Snyder "to correct deficient or missing filings" until December 7.  Appendix pp. 015-016.

Though Mr. Snyder ultimately failed to timely completed the documents needed for his Bankruptcy filing, as listed in the Deficiency Notice, he did manage to file, on November 12, 2021, an Adversary Complaint against Allegheny Estates LLC and Penn Pioneer Enterprises, LLC, at

---

[3]  The Amended General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings (GO #91-1) is posted at https://www.pawb.uscourts.gov/sites/default/files/genorders/go1991-1.pdf, and is included in the Appendix at pp. 068-069 for ready reference.  There is also a Local Rule that incorporates the General Order. See W.PA.LBR ("Local Rule") 1017-2, posted at https://www.pawb.uscourts.gov/sites/default/files/lrules2021/LocalRule1017-2.pdf, and attached in the Appendix at p. 070 for ready reference.

Adversary 21-2109, Doc. 1, in which he sought to quiet title in the real estate at 98 Arlene Drive, North Versailles. See Appendix, pp. 004-010.[4]

Mr. Snyder filed, on December 7, 2021, a Chapter 13 Plan (at Bankr Doc. 24) (Appendix pp. 017-025), and a partially completed petition (at Bankr Doc. 25) (Appendix pp. 026-057). However, the documents were non-conforming in multiple material aspects, those being: (1) the Plan was submitted on the incorrect form; (2) the Declaration regarding Electronic filing (Local Form 1B) had not been provided; (3) Employee income records or a statement that there were none had not been filed; (4) Schedule D (Official Form 106D) which lists secured creditors had not been filed; (5) the Statement of Financial Affairs (Official Form B 107) had not been filed; (6) the mailing matrix containing the names and addresses of all creditors had not been provided; and a (7) Statement of Currently Monthly Income (Official Form B 122-C-A) had not been provided. See Notice Regarding Nonconforming Document at Bankr Doc 27, Appendix pp. 058-059.

The Notice Regarding Nonconforming Document (at Bankr Doc. 27), which had been served on December 10, 2021 (see Bankr Doc. 28, Appendix pp 060-061), indicated that without further Order of Court extending the deadline, the case could be dismissed. In fact, there had been no further order extending the deadline or a requested hearing, and the case was dismissed, *without prejudice*, at Bankr Doc. 29, on December 14, 2022.  Appendix pp. 062-063.

---

[4]   Mr. Snyder contends, in his footnote 2, that he cannot refile the bankruptcy case because of this Adversary. He cites no authority for this conclusion, and the Trustee is unaware of any statute or rule or practice that prohibits the refiling of a dismissed without prejudice case because an adversary had been filed in the prior case. Among other possible strategies, Mr. Snyder could have asked the Bankruptcy Court to retain jurisdiction of the adversary notwithstanding the dismissal of the underlying bankruptcy case, could have refiled the adversary in the new bankruptcy case, or could have asked the Bankruptcy Court to relate the previously filed adversary to the newly filed bankruptcy case (assuming he completed the filing requirements in the new case). Regardless, there is no cited authority for a debtor to keep a deficient bankruptcy case alive simply because he has filed an adversary case.

No request for a hearing on the Motion to Dismiss (in accordance with the Notice of Filing Deficiencies (at Bankr Doc 5)) was ever filed.

The Debtor filed the instant appeal at Bankr Doc 32. Appendix pp. 064-067.

## ARGUMENT

## I.    THE BANKRUPTCY COURT ORDER DISMISSING THE BANKRUPTCY CASE WITHOUT PREJUDICE WAS NOT A FINAL APPEALABLE ORDER

Because "[a] bankruptcy case involves 'an aggregation of individual controversies … Congress has long provided [per 28 U.S.C. §158(a)] that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 308-09 (3d Cir. 2018) (citing *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015)). In light of this general principle, the Third Circuit has adopted a flexible, pragmatic approach to finality in the bankruptcy context. *Id.* (citing *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 97 (3d Cir. 1988)). Among the factors relevant to this approach are (1) the impact of the matter on the assets of the bankruptcy estate, (2) the preclusive effect of a decision on the merits, and (3) whether the interests of judicial economy will be furthered by an immediate appeal. *Id.* The ultimate question, however, is whether the order "fully and finally resolved a discrete set of issues, leaving no related issues for later determination." *Id* at 309 (citing *In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990)). See also *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) ("Orders in bankruptcy cases qualify as "final" when they definitively dispose of discrete disputes within the overarching bankruptcy case.")

It would seem, at first blush, that an order dismissing a case is final for purposes of appealability, and some courts have held that a dismissal of a case, with or without prejudice, is indeed final. *See, e.g., Pal Family Tr. v. Ticor Title Ins.*, 490 B.R. 480, 482-85 (S.D.N.Y. 2013).

5

Whatever the rule might be other circuits concerning dismissal without prejudice, the general rule in the Third Circuit is that dismissal without prejudice is not final unless the party can no longer amend the complaint to cure the reasons for the dismissal or the plaintiff cannot or will not[5] bring a second action (as the inability or unwillingness to cure the reasons for the dismissal eliminates the risk of multiple litigation which is at the core of the finality principle). See *In re Flanagan*, 999 F.2d 753, 755 (3d Cir. 1993).[6]

The Third Circuit noted in *Flanagan* that it had never applied the principle that a dismissal without prejudice is not final in a bankruptcy case, and to Trustee's knowledge, has still not directly confronted that narrow issue. However, the reason for the rule (to avoid multiplicity of litigation) applies with equal force to bankruptcy cases, and absent a determination by the Third Circuit that the principle does not apply, this Court can, and should, apply it.[7]

There is a distinction between dismissals on substantive grounds, and dismissals without prejudice because of procedural missteps. *See, e.g., Green v. Prince George's Cty. Office of Child*

---

[5]   The "will not" bring a second action is a decision to "stand on the complaint." See *Weber v McGrogan*, 939 F.3d 232, 238, n. 8 (3d Cir. 2019). To satisfy the finality requirement by standing on the complaint requires a sufficiently clear and unequivocal intent to decline amendment and immediately appeal such that there is no doubt or ambiguity of finality. *Id*, at 240. In the instant case there was no communicated clear and unequivocal intent to file no further bankruptcy cases if the dismissal order is affirmed.

[6]   *Pal Family* distinguished the practice in the Third Circuit, specifically citing *Flanagan*. See 490 B.R. at 485. Trustee acknowledges there are cases that have found a dismissal without prejudice appealable or have resolved the appeal (such as *In re Tennant, infra*) without discussing the finality question. That does not mean, for purposes of the Third Circuit, at least, there is no issue or question about finality.

[7]   The question of finality for purposes of bankruptcy cases was recently addressed by the Supreme Court in *Ritzen Grp, supra*. In *Ritzen* the Court held that the grant or denial of a motion for relief from stay yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief. *Ritzen* expressly declined to decide whether an order that initially denied stay relief "without prejudice" would likewise trigger a final order, observing that "further developments might change the stay calculus." 140 S. Ct. at 592, n.4.

*Support Enf't*, 2021 U.S. Dist. LEXIS 149992, 2021 WL 3511157 (D. Md. Aug. 10, 2021). As noted in *Green*, in dismissing a matter without prejudice on procedural grounds the Court never addresses, let alone finally decides, the substantive merits of the action. *Id* at 10-11. Such an order does not preclude the debtor from seeking to reassert his complaint when he is prepared to cure the procedural defect. *Id* at 11. The Court in *Green* held that it lacked jurisdiction to hear the debtor's appeal.

The dismissal in this case did not preclude Mr. Snyder from seeking to reassert his bankruptcy case when he was prepared to cure the procedural defects that caused the case to be dismissed. Consistent with Third Circuit precedent and to avoid the multiplicity of appeals, dismissal without prejudice is not a final appealable order in bankruptcy.

## II.    THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING THE BANKRUPTCY, WITHOUT PREJUDICE, FOR DEBTOR'S FAILURE TO COMPLETE THE PETITION WITH CONFORMING DOCUMENTS IN THE REQUISITE DEADLINE

Final Order or not, dismissal without prejudice was not an abuse of the Bankruptcy Court's discretion. What the Bankruptcy Court would, could, or should have done had Mr. Snyder presented his arguments to it is not at issue.[8] What is at issue is whether, based on the record as it existed on December 14, the dismissal rested upon clearly erroneous findings of fact, an errant conclusion of law, or an improper application of law to fact. The answer is it did not.

---

[8]  Practically speaking, Mr. Snyder's case is hardly the first or only case to be dismissed for failure to compete the filing with conforming documents. Cases are dismissed all that time for that reason, including attorney filed cases. The usual response, where the debtor wants to proceed with the case, is to (a) correct the deficiency and (b) file a motion to reconsider and vacate the dismissal, which motion is almost always, if not always, granted.

**A.**      **As a matter of fact and law, Mr. Snyder failed to complete the filing with conforming documents by the required deadline**

Other than Mr. Snyder's contention that the Chapter 13 Plan he filed was a conforming document (notwithstanding his failure to use the required local form), there appears to be no dispute there were substantial and material omissions in his filing. See Notice Regarding Nonconforming Document (at Bankr Doc. 27, Appendix p. 058). Even if there is a legitimate issue about whether a debtor can substitute the official for local form of plan, there is no question that Mr. Snyder failed to file all required documents by the deadline.

The missing documents are required by statute or rule and are critical to the administration of bankruptcy cases. The bankruptcy schedules and statements are carefully designed to elicit certain information necessary for the proper administration of cases, which debtors have a duty to complete thoughtfully and thoroughly. *In re Simpson*, 306 B.R. 793, 797 (Bankr. D. S.C. 2003). "The proper functioning of the entire bankruptcy process is dependent upon debtors providing complete, accurate and reliable information in the petition and other documents submitted with the filing of the case so that parties in interest may evaluate debtors' assets and liabilities and appropriately administer the case." *In re Trieloff*, 2012 Bankr. LEXIS 3587, *17 (Bankr. D. N.D. August 2, 2012).

11 U.S.C. §521(a)(1), and Federal Bankruptcy Rule of Procedure ("FBRP") 1007(a)(1) and (b), require a debtor file, among other documents and information: a list of creditors; schedules of assets and liabilities; a statement of financial affairs; copies of all payment advices or other evidence of payment, if any, received by the debtor from an employer within 60 days before the filing of the petition; and, in a Chapter 13 case, a statement of current monthly income, prepared as prescribed by the appropriate Official Form.

In accordance with FBRP 9009, the Judicial Conference of the United States has prescribed official forms, to be used without alteration except as otherwise provided in the rules, that include: the Schedule D of Creditors who hold claims secured by property (Form B 106D); the Statement of Financial Affairs for Individuals Filing for Bankruptcy (Form B 107); and the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (Form B 122C-1). As indicated at Bankr. Doc 27 (Appendix p. 058), Mr. Snyder failed to file all three documents.

The statutorily required list of creditors is to be provided, per Local Rule 1007-1, as a mailing matrix.[9] The "mailing matrix" is critical to the functioning of the bankruptcy court system, ensuring that notice of the bankruptcy proceeding is given to all interested parties. *Wilcox v. Anderson (In re Wilcox)*, 2011 Bankr. LEXIS 5359, *20 (B.A.P. 10th Cir. 2011). See also *Harrell v. United States Tr. (In re Harrell),* 2021 Bankr. LEXIS 854 (B.A.P. 9th Cir. 2021) (affirming dismissal where the only unfiled document was the list of creditors). The Clerk sends notices of the filing of bankruptcies only to those parties listed on the mailing matrix. *Mon Valley Equip., Inc. v. Fayette Cty. Tax Claim Bureau*, 1988 Bankr. LEXIS 682 (Bankr. W.D. Pa. May 10, 1988). Needless to say, no mailing matrix, no notice to creditors. Again, there appears to be no dispute that Mr. Snyder failed to provide the mailing matrix.

Unlike the requirement to use the official forms for the Schedules, Statement of Financial Affairs, and the Chapter 13 Statement of Current Monthly Income, the Rules provided for the use of the local plan form where one has been adopted. See FBRP 3015 (the official plan form must be used unless a Local Form has been adopted in accordance with Rule 3015-1); and FBRP 3015-

---

[9]  The local rules and forms can be accessed on-line through the Court's website, under the Court Info tab (https://www.pawb.uscourts.gov/court-info/local-rules-and-orders). The local rule regarding the mailing matrix is posted at https://www.pawb.uscourts.gov/sites/default/files/lrules2021/LocalRule1007-1.pdf.

1 (a district may require that a Local Form be used instead of an Official Form). This District

mandates the use of a local plan form. See Local Rule 3015-1.[10]  The local plan form is Form 10,[11]

which is attached at Appendix pp 071-078 for ready reference.  A comparison between Local Form

10 and the form of plan filed by Mr. Snyder reveals multiple material differences.

The Local Form includes provisions for secured tax claims (part 3.6), priority domestic

support obligations not assigned or owed to a governmental unit (part 4.5), priority unsecured tax

claims (part 4.7), and post-petition utility payments (part 4.8) that were not in the plan form Mr.

Snyder filed. The Local Form provides language different from the form utilized by Mr. Snyder

regarding non-priority unsecured claims (part 5.1). The Local Form requires different information

(as compared to Mr. Snyder's form) be provided with respect to the treatment of creditors in parts

3.1, 3.2, 3.3, 3.4, 4.4, 5.2, and 6.1 of the plan. The Local Form (at part 7) prohibits the re-vesting

of property of the estate in the debtor until all payments are made the confirmed plan, while the

form utilized by Mr. Snyder gave him the option. The Local Form includes, at part 8, a ten-

paragraph list of general principles, critical in this District to the implementation of the plan and

administration of the post-confirmation case, that are absent in the form filed by Mr. Snyder. As a

matter of indisputable fact, the form utilized by Mr. Snyder does not provide the same information

as the Local Form.[12]

---

[10]  The local rule is posted at
https://www.pawb.uscourts.gov/sites/default/files/lrules2021/LocalRule3015-1.pdf.

[11] The local plan form is posted at
https://www.pawb.uscourts.gov/sites/default/files/lforms2021/LocalForm10s.pdf.

[12]   Mr. Snyder might contend that use of the proper form doesn't matter since he intended no
payments to any creditors. Regardless of his intention, blanks in an official or otherwise required
local form is as much a representation to the Court and creditors in a case as is one with inserted
information. That is why, in addition to ease of review (as discussed below), the use of the
official and otherwise required local forms is so important.

Mr. Snyder was provided, by the Deficiency Notice filed and served on November 9 (Bankr. Doc. 5, Appendix pp. 001-003), the list of missing forms and information. The Deficiency Notice named and referenced by form number what was missing and stated that the case would be dismissed if the deadline was missed. Any contention that Mr. Snyder did not know what was to be filed is belied by the Deficiency Notice. To the extent he did not understand the contents of the Deficiency Notice, the time to have sought assistance was before the filing deadline.

Mr. Snyder claims that his partial compliance should be excused because he was acting *pro se.* While *Haines v. Kerner*, 404 U.S. 519, 520 (1972), provides that pleadings of unrepresented parties be liberally construed, there is no similar license for the failure to comply with procedural rules. See *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mala v. Crown Bay Marina, Inc*., 704 F. 3d 239, 244 (3d Cir. 2013) (*pro se* litigants "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.") The default(s) that led to the dismissal Order in this case were not inartfully drafted pleadings, it was the failure to timely file all required forms and documents.

Mr. Snyder had a right to proceed without an attorney, but as the Bankruptcy Court advises, "While it is possible to file a bankruptcy case without the assistance of an attorney, it may be difficult to do so successfully." See *Filing without an Attorney*, https://www.pawb.uscourts.gov/filing-without-attorney. The Court provides a link, on its *Filing without an Attorney* page, to the U.S. Courts webpage for *Filing without an Attorney*, https://www.uscourts.gov/services-forms/bankruptcy/filing-without-attorney. Among other things, the U.S. Courts webpage advises pro se filers they are "expected to follow the rules and procedures in federal courts and should be familiar with the United States Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, and the local rules of the court in which the case is filed." The page advises that "Local rules, along with other useful information, are posted on the court's website and are available at the local court's intake counter." Finally, the page advises that "Many courts require local forms. You should check your court's website before filing any documents."

The requirement that a debtor provide all required information on the required forms is the result of the form-based nature of bankruptcy from the perspective of the consumers of that information. It is not form over substance, but rather that the substance is derived from the forms. *In re Orrison*, 343 B.R. 906 (Bankr. N.D. Ind. 2006), is illustrative. *Orrison* refused to accept a petition that contained all of the required information but had deviated from the official form. The court observed that "Information which cannot be found or can be found only with difficulty is less useful than information which is readily available. Consequently, the petition must not only provide all of the information required, it must do so in a way that facilitates an easy and efficient review of its contents." *Id* at 908-09. Deviation from the official or otherwise required forms increases the amount of time those who review the forms must spend hunting for information that is needed because it is not in the expected places. *Id* at 909. This slows down the administration of cases, creating inefficiencies, confusion, and putting additional burden on those who must review those documents. *Id.*

As a pro se filer, Mr. Snyder was subject to the same filing requirements as a debtor filing the case with the assistance of an attorney. Mr. Snyder was told the form(s) that needed to be used. The deficiencies in this case are about substantially more than the use of the wrong plan form, it is about the complete failure to file multiple required documents and forms. The determination (at Bankr Doc. 27, Appendix p. 058) that Mr. Snyder had failed to complete the filing with all required documents by the December 7, 2021, deadline, is not clearly erroneous.

**B.**     **The dismissal was, as a matter of fact and law, consistent with the statute and rule-based framework of the Bankruptcy Code**

11 U.S.C. §1307(c)(9) provides that a Court may dismiss a Chapter 13 Bankruptcy Case on the Motion of the United States Trustee upon the failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing the case, the information required by §521(a)(1) (i.e., the list of creditors, schedules, etc.)

The Bankruptcy Court, by General Order 91-1 and Local Rule 1017-2 (see footnote 3, *supra*), has implemented a procedure where the United States Trustee is deemed to have filed a motion to dismiss where there are deficiencies in the initial filing. As Mr. Snyder's initial filing on November 8, 2021, was materially deficient, the General Order and Local Rule became operative, and, by the Deficiency Notice (at Bankr Doc. 5, Appendix pp. 001-003), he was provided a detailed list of the deficiencies (with reference to the official and local forms that were needed to correct the deficiencies), and the deadline by which the deficiencies needed to be corrected. The General Order and Local Rule provided for no further or warning; per the Deficiency Notice the deemed filed motion *would be granted* if the specified deficiencies were not corrected by the deadline, provided he could request a hearing on the Motion to Dismiss. Mr. Snyder neither requested a hearing nor corrected all the deficiencies and the Motion to Dismiss was, consistent with the Bankruptcy Code, General Order, and Local Rule, granted.

A framework similar to that used by this District was upheld in *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860 (B.A.P. 9th Cir. 2004). In *Tennant*, the debtor initiated his Chapter 13 case without all of the required documents (including the Statement of Financial Affairs). The Clerk in that case issued a first day "Order to Comply and Notice of Intent to Dismiss the Case" advising the debtor that if he failed to file the missing documents within fifteen days the case would be dismissed. Debtor timely filed some of the missing documents but failed (like Mr. Snyder) to file

13

the Statement of Financial Affairs. Without further notice, the Court dismissed the case approximately eight days after the fifteenth day.[13]

On the appeal the *Tennant* court considered two items relevant to the instant case. The first was whether the bankruptcy court erred in dismissing the case *sua sponte*. The second was whether the dismissal required a further notice and hearing.

*Tennant* noted there were two alternative paths to dismissal. One was a motion filed by the United States Trustee pursuant to §1307(c)(9), and, alternatively, a *sua sponte* dismissal in accordance with 11 U.S.C. §105(a). 318 B.R. at 868-69.[14]   The path followed in *Tennant* was the *sua sponte* dismissal under §105(a). The Court noted that:

> Debtor neither filed the Statement of Financial Affairs timely nor exercised his option to seek an extension of time. To enforce the Comply Order and Rule 1007(c), the court was authorized to dismiss Debtor's case sua sponte. Section 105(a) makes "crystal clear" the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case.

*Id* at 869 (citing, inter alia, *In re Greene*, 127 B.R. 805, 807-808 (Bankr. N.D. Ohio 1991)).

In the instant case, the dismissal order was consistent with *both* §1307(c)(9) (given the local General Order that deems a Motion to Dismiss as having been filed), as well as the *sua sponte* authority of §105(a) created by the local General Order, Local Rule, and the Deficiency Notice (at Bankr Doc 5) that advised Mr. Snyder that his case *would be dismissed* if all documents on the list of deficiencies were not filed.

On the question of notice and hearing, *Tennant* observed that the concept of notice and hearing in bankruptcy is defined by the Bankruptcy Code, at 11 U.S.C. §102(1)(A), as such notice

---

[13]   The dismissal in *Tennant* had originally been with prejudice. That aspect of the dismissal had been vacated and was not before the Court on the appeal.

[14]   *Tennant* acknowledged that the interpretation of §105(a) to allow *sua sponte* dismissal was not unanimous but found those cases allowing it the better reasoned opinions.

14

and opportunity for a hearing as is appropriate in the particular circumstances and is therefore a flexible concept. Consistent with cited precedent, *Tennant* determined that no further notice or hearing was required where: the matter at issue was strictly procedural (i.e., pertaining to the procedure requirement that all statutory and rule required documents are filed by their due date), the debtor had been told what documents were missing, and had been told that if the documents were not filed by due date the case would be dismissed.

The dismissal in the instant case was, like the one in *Tennant*, on procedural grounds, and had followed notice of the specific nature of the deficiencies (at Bankr Doc. 5) and notice that if the deficiencies were not fully cured by the deadline the case would be dismissed.[15]

There is, however, another aspect of the Bankruptcy definition of notice and hearing relevant to the instant case. The definition further provides, at 11 U.S.C. §102(B)(i), that an act without an actual hearing is authorized if such notice is given properly and if a hearing is not requested timely by a party in interest. As set forth in the Deficiency Notice (at Bankr Doc 5, Appendix p. 003), Mr. Snyder could request a hearing on the Motion to Dismiss. Given that no hearing was requested, none was required prior to dismissal.

Mr. Snyder was, at Bankr Doc 5, given notice of the missing documents and the deadline for filing the missing documents, told that a motion to dismiss was deemed to have been filed, told that he could request a hearing on the motion to dismiss if he wanted, and told that the case would be dismissed if the documents were not filed. He failed to file the documents or to request a

---

[15]   Again, the operative document in the instant case is the Deficiency Notice at Bankr Doc. 5, not the notice regarding nonconforming documents at Bankr Doc 27. The Deficiency Notice was the one required by the General Order and Local Rule, and which teed the case up for dismissal if the petition was not timely completed with all required forms and filings. Bankr Doc. 27 was merely notice that Mr. Snyder had failed to correct the deficiencies listed in the Deficiency Notice. It set no new extended deadline for compliance. The time for compliance had passed.

hearing. There was no clearly erroneous finding of fact, no errant conclusion of law, and no improper application of law to fact: dismissal was not an abuse of discretion.

**C.**     **Dismissal was proper under the *Poulis* factors**

Preliminarily, Trustee notes that *Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863 (3d Cir. 1984), addressed a dismissal *with prejudice*. The Third Circuit Court noted that such a dismissal was a "drastic sanction." *Id* at 867-68, There is no indication that the Court viewed a dismissal without prejudice as equally drastic, and it seems unlikely that it would take such a view (if for no other reason than that there is a question of the finality of such an order). At a minimum, it seems that that the dismissal is without prejudice is itself a factor in the analysis.

Not all of *Poulis* factors must be satisfied to justify dismissal. *Ware v. Rodale Press, Inc*., 322 F.3d 218, 221 (3d Cir. 2003). Though the sanction may be extreme, the appellate court's standard of review is still deferential. *Id*. No single factor is determinative. *Hicks v. Feeney*, 850 F.2d 152, 156-57 (3d Cir. 1988).

*The extent of the party's personal responsibility*

This factor focuses on whether the default(s) were the responsibility of the party himself or his counsel. In this case, Mr. Snyder was proceeding *pro se.* Accordingly, the failure to timely comply was his alone. Though Mr. Snyder may be a sympathetic debtor, the fact is that he was proceeding *pro se* and, therefore, was the master of his case.

*Prejudice to the adversary*

Mr. Snyder argues that the "couple" of missing documents were "irrelevant and non-material" and that the national plan form is a legally sufficient substitute for the Local Form. That is incorrect as a matter of fact and law, as discussed above. The missing documents represent material and substantial parts of the filing requirements of every bankruptcy case. Failure to file

16

those documents deprives the Court, the Trustee, and the creditors of critical information needed to quickly and efficiently evaluate the case. The failure to have filed the Mailing Matrix list meant that notice of the bankruptcy case could not be provided to creditors.

The failure to have used the correct plan imposed an additional burden on the Court, the Trustee, and creditors to locate information on a nonconforming form, and deprived the creditors of the terms and conditions (as set forth in part 8 of the Local Form) that are to be part of every Chapter 13 plan presented for approval in this District.

The case was, in effect, dead in the water because of missing and non-conforming documents. All of the parties required to deal with the case from the Clerk to the Court to the Trustee to the creditors (who were without notice of the filing) were prejudiced.

A history of dilatoriness

There was, concededly, no extended history of dilatoriness.

Whether the conduct was willful or in bad faith

Mr. Snyder's conduct does not, concededly, rise to the level of being "contumacious," but it does reflect a degree of reckless disregard for the gravity of the bankruptcy process.

Trustee does not dispute Mr. Snyder's claimed disabilities. He was, however, able to: (a) file a properly pled motion seeking to extend the deadline for filing the missing documents (at Bankr Doc. 15); and (b) file an adversary complaint seeking to quiet title to real estate. He therefore showed the ability to act in a timely and workmanlike manner on those matters that were important to him. Despite his claimed disabilities, the record reflects an ability to prepare and file those documents he personally considered "relevant" and "material."

17

Alternative sanctions

There was no alternative, *or less severe*, sanction than dismissal without prejudice. The case could not proceed without Mr. Snyder properly preparing and filing the missing documents. The dismissal without prejudice gave Mr. Snyder the opportunity to do just that.

Meritoriousness of the claim

As noted in *Poulis,* under this factor the Court is to look at whether the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense. 747 F. 2d at 869-70.

Practically speaking, there is no merit to a bankruptcy case without all required documents having been filed in proper form. Accordingly, based on the "pleadings" there was no merit to the bankruptcy case, and it was properly dismissed, *without prejudice.*

Beyond an overall lack of merit to a bankruptcy case filed without all required documents in proper form, there are two additional factors in this case that evidence that it was without merit.

The first is Chapter 13 eligibility. As of the November 8, 2021, filing date, the eligibility limits for a Chapter 13 case were $419,275 of unsecured debt and $1,257,850 secured debt. See 11 U.S.C. §109(e). The total of the two is $1,677,125. Mr. Snyder scheduled the IRS as having a claim of $5 Million. See Bankr Doc. 25, Appendix p 042. Whether secured or unsecured or some combination, that amount far exceeds the cumulative limit of Chapter 13 and Mr. Snyder was therefore ineligible for Chapter 13.[16]

---

[16]   Trustee notes that there was a copy of a judgment order, dated June 18, 2007, at case 06-cv-141, Western District of Pennsylvania, in favor of the United States of America and against George C. Snyder, in the total amount of $3,033,741.68, that was attached to the bare bones petition at Bankr Doc 1. Even without interest, the judgment exceeds the eligibility limits for Chapter 13 at the filing date.

The second was that the Chapter 13 plan, as filed (at Bankr Doc 24, Appendix pp 017-025), proposed no payments to creditors. Chapter 13 requires a plan to actually pay creditors. A zero-payment plan where a debtor proposes to make no payments to the Trustee for distribution to any class of creditors provided for in the plan cannot be confirmed. *See, e.g., In re Ellis*, 388 B.R. 456, 460 (Bankr. D. Mass. 2008). Such a plan would contravene the "express provisions of Chapter 13 and its overall purpose of providing a structure for repayment of debt." *Id.*

Balancing of the factors

There was no extensive history of dilatoriness, and Mr. Snyder's conduct, though reflecting an apparent reckless disregard for the filing requirements for bankruptcy, was neither clearly willful nor bad faith. On the other hand, Mr. Snyder was solely responsible for the filing deficiencies, the filing deficiencies prejudiced the Clerk's office, Court, and the creditors, the Chapter 13 filing lacked merit (as filed and proposed), and the dismissal without prejudice, which gave Mr. Snyder the opportunity to start over and do it right, was not only the least severe available sanction, it was one most appropriate under the circumstances.

**D.      There was no error in failing to accommodate Mr. Snyder's disabilities**

The Trustee is not unsympathetic to Mr. Snyder's condition and situation. There are, however, at least two reasons why there was no error in the Court's failure to accommodate his pleaded disabilities.

The first is that the ADA does not apply to the United States Federal Courts. *Clay v. Wall*, 2019 U.S. Dist. LEXIS 1661, *7 (D. R.I. January 4, 2019) ("Federal courts are not "public entities" subject to the public services provisions of Title II of the ADA."). See also *In re Chapman*, 777 F. Supp. 2d 196, 197-98 (D. Maine 2011); *Melton v. Freeland*, 1997 U.S. Dist. LEXIS 3801, *4-5, (M.D. N.C. Feb. 6, 1997).

Notwithstanding that the ADA does not apply to the federal courts, the Bankruptcy Judges in this District are extremely accommodating, and would not refuse a reasonably requested accommodation. This then is the second reason why there is no error in failing to accommodate in this case: Mr. Snyder never requested an accommodation. Even assuming the ADA is applicable to federal courts, the party seeking accommodation needs to make a request. It is not enough that there be knowledge of a disability, there is a need to communicate a request that the disability be accommodated. *See, e.g., Taylor v Phoenixville School District*, 184 F. 3d 296, 313 (3d 1999).

While Mr. Snyder proclaimed his disability in that part of the petition and schedules he filed, he never requested any accommodation. Disclosing a disability is not the same as a request that the Court make some allowance or otherwise accommodate the disability. The Court had no reason to consider granting an accommodation that had never been requested.

## CONCLUSION

There was no clearly erroneous finding of fact, errant conclusion of law, or an improper application of law to fact in dismissing the case without prejudice. Mr. Snyder failed to complete the filing in accordance with the Deficiency Notice provided in compliance with the Local General Order and Rule. He failed to request a hearing on the deemed motion to dismiss about which he had notice (per Bankr Doc. 5).

Dismissal without prejudice was the least severe, but still appropriate, sanction that was available. The missing documents were needed for the case to proceed, and the dismissal without prejudice gave him the opportunity to start over and do it right. Whether Mr. Snyder would have been granted an accommodation had he asked, he never asked. It cannot be error to fail to grant a request that is never made. The dismissal without prejudice should be affirmed, and this appeal denied.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date: **May 17, 2022**

By: /s/ Owen W. Katz
Owen W. Katz, PA I.D. 36473
Attorney for Chapter 13 Trustee
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566, x3124
Email: okatz@chapter13trusteewdpa.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that, in addition to NEF service on parties having entered their appearance in this case, I served or caused to be served on May 17, 2022, the foregoing document upon each of the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

George Snyder
98 Arlene Drive
North Versailles, PA 15137

/s/ Renee Ward
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA 15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

22