IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE C. SNYDER, | ) |
| Appellant, | ) Civil Action No. 2:22-16 |
| v. | ) Judge Cathy Bissoon |
| RONDA J. WINNECOUR, Trustee, | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

On January 4, 2022, Appellant, George C. Snyder, filed a *pro se* Notice of Appeal from the Bankruptcy Court. Doc. 1. Upon receipt of the Notice of Appeal, this Court issued a briefing schedule. Doc. 2. Due to Appellant's *pro se* status there initially was confusion as to whether he complied with the briefing schedule, and the case was dismissed for failure to prosecute. Doc. 11. Upon reconsideration, and at Appellant's request, the Court agreed to construe Appellant's Motion to Extend Time (Doc. 9) as his Appellate Brief and permitted the appeal to proceed. Docs. 9, 13, 14.[1] Appellee has filed a Brief in Opposition. Doc. 15. The appeal is now ripe for review. For the reasons set forth below, the appeal is denied.

In Appellant's Brief, he argues that the Bankruptcy Court should not have dismissed his case for various filing deficiencies and asks the Court to reverse the dismissal. Doc. 9; *see also* Copy of Bankruptcy Court Order at Doc. 1-1. Appellant argues that he did not have enough time

---

[1] Appellant had filed a prior Brief at Doc. 7 that was stricken in Doc. 8 as plainly deficient for failure to comply with the Federal Bankruptcy Rules. See, e.g., Federal Bankruptcy Rule 8014, 8018(b). In a subsequent ruling, this Court noted that the instant Brief attached at Doc. 9 "fares no better." Doc. 11. Failure to file an appropriate appellant's brief in itself is a possible basis for dismissal of bankruptcy appeals. See In re Goforth, 532 F. App'x 98 (3d Cir. 2013) (finding that the district court did not abuse its discretion in dismissing the appeal for failing to comply with Federal Bankruptcy Rule 8010 [now Rule 8014]).

between receiving notice of the continued deficiencies and the deadline to supply the requisite forms and information; and that the Bankruptcy Court should have accommodated his alleged disabilities, including dementia.  Doc. 9.

Appellee raises two primary arguments in opposition to Appellant's request.  First, she argues that the Bankruptcy Court Order dismissing the case without prejudice was not a final appealable order.  Doc. 15 at 5-7.  This Court already has ruled, however, that because the Bankruptcy Court's Order provides no further opportunity or instruction for Appellant to remedy the identified deficiencies and appears to close the case, the Order is final and appealable, conferring jurisdiction to this Court.  Doc. 11.  Nevertheless, the Court agrees with Appellee's second argument, that the Bankruptcy Court did not abuse its discretion in dismissing the bankruptcy, without prejudice, for Appellant's failure to file conforming documents by the requisite deadline.  Doc. 15 at 7-16.  The Deficiency Notice issued to Appellant on November 9, 2021 (Bankr. Doc. 5) named and referenced by form number all of the missing documents and information, including Local Form 10, and notified Appellant that the case would be dismissed if he missed the December 7, 2021 deadline for supplying the missing documents.  As of December 14, 2021, Appellant had supplied some, but not all of the required documentation, and, as noticed, the case was dismissed.  Appendix at 62.

Although I empathize with Appellant and his situation, his *pro se* status does not excuse his failure timely to comply with the Bankruptcy Court's notice.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013) (stating that *pro se* litigants "must abide by the same rules that apply to all other litigants").  Given that

2

Appellant, as a *pro se* litigant, was solely responsible for the filing deficiencies; those deficiencies were material and prejudicial to the Clerk's Office and the creditors; and the dismissal *without* prejudice was less severe than other available sanctions, the Court finds that the dismissal was appropriate under the circumstances and was not an abuse of discretion. *See* Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

Appellant's final argument, that the Bankruptcy Court violated the Americans with Disabilities Act ("ADA") by failing to accommodate his advanced age and dementia, is without merit. As Appellee correctly notes, the ADA does not apply to the federal courts. *See* Doc. 15 at 19-20 (citing, *inter alia*, Clay v. Wall, CA No. 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) ("Federal Courts are not 'public entities' subject to the public services provisions of Title II of the ADA.")). Moreover, even if the ADA applied, there is no evidence that Appellant ever requested an accommodation. Disclosure of a disability on a form or schedule is not the same as requesting an accommodation for that disability, and the Bankruptcy Court would have had no reason to consider an accommodation that never was requested.

For all of these reasons, the Bankruptcy Court's dismissal without prejudice is AFFIRMED, and this appeal is DENIED.

IT IS SO ORDERED.

December 30, 2022                                              s/Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via First-Class U.S. Mail):

George C. Snyder
98 Arlene Avenue
North Versailles, PA 15137

cc (via ECF email notification):

All Counsel of Record

3